**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

GEOFFREY MATTHEWS,

   Plaintiff,                        CASE NO.:

-VS-

WELLS FARGO BANK, N.A.,

   Defendant.

_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA).

## INTRODUCTION

2.     The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A., from invading American citizens' privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) "Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides

that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.     The alleged violations described herein occurred in Carroll County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Georgia, residing in Villa Rica, Carroll County, Georgia.

10.    Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.    Defendant is a Corporation and National Association with a principal place of business in San Francisco, California, and conducting business in the state of Florida.

3

12.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (770) *** - 1603, and was the called party and recipient of Defendant's hereinafter described calls.

13.    In or about early Summer of 2014, Plaintiff began receiving calls to his aforementioned cellular telephone from Defendant seeking to recover an alleged debt.

14.    Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (800) 289-8004, and (800) 289-8019, and when those numbers are called, a pre-recorded message answers "Welcome to Wells Fargo Dealer Services. For automated account information, please visit our website at wellsfargodealerservices.com. To continue this message in English, press one. Para continuar in Español, oprima numero dos."

15.    Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1)

(hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear either an extended pause before an agent would come on the line, or an automated message telling him the call was from Wells Fargo, and to please return the call to a given number.

16.    Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

18.    Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19.    In or about the Summer of 2014, Plaintiff received a call from the Defendant, met with an extended pause and held the line, eventually was connected to a live representative, and told an agent/representative of Defendant that he was at work, to remove his number from their call list, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

20.    During the aforementioned phone conversation in or about the Summer of 2014 with Defendant's agent/representative, Plaintiff unequivocally

revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

21.    Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

22.    Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

23.    Additionally, again in or about late Summer of 2014, due to continued automated calls to his aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, was eventually connected to a live agent/representative of Defendant, and informed the agent/representative of Defendant that he had previously informed them not to call his cellular phone, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number, to which the agent/representative responded that they would not stop calling him as long as there was a balance on his loan.

24.    Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking

any express consent the Defendant may have had to call his aforementioned cellular telephone number.

25.    On at least twenty (20) separate occasions, Plaintiff has either answered a call from Defendant or returned a call to Defendant regarding his account, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

26.    Each of the Plaintiff's requests for the harassment to end were ignored.

27.    From about the Summer of 2014 through the filing of this Complaint, Defendant has placed approximately two hundred (200) calls to Plaintiff's aforementioned cellular telephone number.

28.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

29.    As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, distress and aggravation.

30.    Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

31.    Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

32.    Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

33.    Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

34.    Defendant has previously stipulated in other TCPA litigations that the equipment used to make phone calls, such as the phone calls received by Plaintiff in this case, was indeed an ATDS and/or a predictive dialer.

35.    Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

36.    Defendant violated the TCPA with respect to the Plaintiff.

37.    Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
**(Violation of the TCPA)**

38.     Plaintiff incorporates Paragraphs one (1) through thirty-seven (37) above as fully stated herein.

39.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

40.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

s/*Octavio Gomez*
_____

**Octavio Gomez, Esquire**
Georgia Bar #:  617963
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
TGomez@forthepeople.com
Attorney for Plaintiff